Statement of the Case.
NICHOLLS, J.
Relator prays that’ this court issue a writ of certiorari to A. J. MurfC, judge of the district court in and for the parish of Caddo, commanding him to send to this court the proceedings in the cause of State of Louisiana v. I-I. J. Sandoloski, to the end that their validity may be inquired into—
“and further prays that a rule issue to said judge to show cause why a mandamus should not issue, ordering- and commanding him to grant defendant an order for a bill of particulars of the charge against him, showing whether it is claimed that the liquors which he sought to sell were in broken packages of less than five gallons, and whether the orders sought were from persons for consumption or from dealers for resale.”
' The application wfis based upon allegations that the district attorney in and for the parish of Caddo had filed in the district court for that parish, before the said judge, a bill of information charging relator with—
“having on a date named sought, solicited, and received orders for the sale of intoxicating liquors at retail in the parish of Caddo, where the retailing of liquors was prohibited.”
That on the 26th of May, 1909, relator filed in said court a motion for a bill of particulars of the crime charged against him, particularly as to—
“whether it was claimed that said liquors were attempted to be sold in broken packages of less than five gallons,” and “whether it was claimed that said orders were sought or solicited from persons for consumption or from dealers-for resale.”
That the district attorney made answer to said motion for particulars:
“(1) That the quantity or how sold was immaterial ; (2) that the orders sought in this ease were from persons or firms in Caddo parish.
. “In the eyes of the law there were no retail liquor dealers in the parish; hence there could be no retail liquor dealers in the parish; hence-there could be no sale for resale.”
That on June 5th the said motion for a bill of particulars was argued by counsel and taken under advisement by the judge. That the judge finally declined to order the district attorney to furnish relator any further particulars, and particularly refused to-force him to answer by stating the quantity of liquors attempted to be sold, and whether the same were in the original and unbroken packages, to which ruling relator has-taken a hill of exceptions.-
That relator was entitled to a bill of particulars stating the facts called for, and it was the ministerial duty of the judge to order said hills of particulars stating the facts called for, and it was a gross abuse-of discretion to have refused doing so when the charge against him was couched in such general and uncertain grounds. Relator avers that as the agent of the Houston Ice- & Brewing Company he solicited orders from dealers for resale in fi-ve gallons and more- and in the original and unbroken packages of near beer, a nonintoxicating and a non-spirituous liquor, in the parish of Caddo, and that it was the purpose of the district attorney to secure his conviction for soliciting such order of such near beer, and that under the law he was without any right of appeal.
Upon reading this petition the district judge was ordered to send forward the proceedings in the said case, and to show canse why a writ of mandamus should not issue, commanding him to grant an order for a hill *401 of particulars of the charge against him, showing whether it was claimed against-him that the liquors which he sought to sell were in broken packages of less than five gallons and whether the orders sought were from persons for consumption or from dealers for resale.
The proceedings in the cause have been forwarded to this court.
• The district judge for answer to the rule served on him says:
“That defendant was indicted for soliciting and receiving orders for sale of spirituous and intoxicating liquors at retail in the parish of Caddo.
“That before going to trial defendant filed a motion asking for a bill of particulars, and the district attorney filed an answer to same.
“That counsel for defendant in open court waived his application, except as to Nos. 3 and 4 in his motion.
“No. 3 demands of the district attorney ‘whether it is claimed that liquor was attempted to be sold in broken packages of less than five gallons.’
“No. 4 demands of the district attorney ‘whether said orders were sought or solicited from persons for consumption or from dealers for resale.’
“In answer to No. 3, the district attorney answered that, inasmuch as defendant was charged with soliciting the sale of liquor at retail, it was immaterial as to what amount was sold.
“We thought this fully answered the demand. The bill having charged that he solicited.at retail, we saw no necessity to say whether it was cl pint, quart or a drink, as the'statutes fully define what is wholesale and retail.
“Having charged that he • solicited by retail sufficiently notified the defendant, and in our opinion was sufficient.
“In answer to No. 4, as to whether the soliciting was from persons for consumption or for resale, we think it makes no material difference, since it was solicited by retail.
“For these reasons we held that the bill of indictment charging him to be soliciting at retail was sufficient, especially after the answer of district attorney was filed, and so held. (See reasons in bills of exceptions. All other objections were waived by defendant, and we passed on exceptions No. 3 and 4.)
“We therefore ask that the writs be denied.”
Opinion.
We are of the opinion that the writ of mandamus prayed for should not be granted. The district judge has not refused to-perform any duty imposed upon him by the law. At the instance of the relator, he ordered a rule to issue calling upon the district attorney to show cause why he (relator) should not be granted a bill of particulars. The rule was tried regularly, and', decided by the judge adversely to the demand of the relator. The latter filed a bill-of exceptions thereto, evidently 'to guard his-rights under some contemplated future proceedings. The ruling may be right or wrong. Be that as it may, we do not think the present the proper time, or the method adopted to test the question the proper one. Relator' has not yet been brought to trial; non con-stat that he will be convicted. Defendant' in a nonappealable criminal case is not entitled, because of that fact, to test at once before judgment the correctness of the ruling of the trial judge upon interlocutory points, arising successively in this case as-relator is attempting to do in this matter. If this case were one appealable to this-court, relator would have no right to present relief; and the nonappealability of a case furnishes no reason for differentiating' that particular class of cases from that of' a more serious character. It was not contemplated by the Constitution that nonappealable cases should occupy a condition so peculiarly favorable to defendants. It is to the interest -of the state that criminal cases should be brought to a speedy termination, and, if the course herein adopted by relator be recognized as a proper one, that object would be defeated.
Relator’s application for relief is premature. It must be presently rejected for that reason.
Relator’s application is therefore refused, without prejudice to any proceedings for relief to which he may be entitled in the future.